UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA LISETTE KEYES, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, et al.,<br><br>               Defendants. | Case No.: 25-cv-2556-RSH-VET<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[ECF No. 8] |

Before the Court is a motion to remand filed by plaintiffs Tanya Lisette Keyes and Nathaniel Leon Keyes. ECF No. 8. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies Plaintiffs' motion.

## I.    BACKGROUND

The instant action arises out of Plaintiffs' purchase of an allegedly defective vehicle.

Plaintiffs allege they purchased a 2018 GMC Yukon (hereinafter "Subject Vehicle") on November 30, 2018 that "suffered and continues to suffer from significant defects and non-conformities[.]" ECF No. 1-2 ¶¶ 6, 9.

On May 15, 2025, during pre-litigation settlement discussions, Plaintiffs provided Defendant with documents identifying the Subject Vehicle's purchase price and repair history. *See* ECF No. 8 at 7; Declaration of Michelle Yang ("Yang Decl.," ECF No. 8-1) ¶ 7. Plaintiffs subsequently filed suit in San Diego Superior Court on May 29, 2025. ECF No. 1-2 at 6–15. Plaintiffs' Complaint asserts claims for: (1) violation of California Civil Code Section 1793.2(d); (2) violation of California Civil Code Section 1793.2(b); (3) violation of California Civil Code Section 1793.2 (a)(3); (4) breach of the implied warranty of merchantability; (5) violation of the Magnuson-Moss Warranty Act ("MMWA"); and (6) violation of California's Uniform Commercial Code. *Id.* at 7–14. Defendant was served with the Complaint on May 30, 2025. ECF No. 8-1 at 5–6.

On September 26, 2025 Defendant removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. On October 17, 2025, Plaintiffs filed a motion to remand. ECF No. 8. Defendant filed a response and Plaintiffs filed a reply. ECF Nos. 14, 15.

## II. LEGAL STANDARD

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court[.]" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[R]emovability is generally determined as of the time of the petition for removal[.]" *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988). In cases where "state-filed complaints are removed to federal court . . . the removing party 'has the burden to prove, by a preponderance of the evidence, that removal is proper.'" *Watters v. Parviz*, No. 23-35601, 2024 WL 5423073, at *3 (9th Cir.

25-cv-2556-RSH-VET

Feb. 21, 2025) (quoting *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)).

## III. ANALYSIS

### A. Timeliness

In their Motion, Plaintiffs argue Defendant's removal is untimely because Defendant did not file its notice of removal within thirty days of being served with Plaintiffs' Complaint. ECF No. 8 at 11–15.

#### 1. *Deadlines for Removal*

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1139 (9th Cir. 2013). "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id*. (internal quotation marks omitted); *Kuxhausen*, 707 F.3d at 1139 ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.") (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho*, 629 F.3d at 885 (quoting § 1446(b)).

A removing defendant must comply with the mandatory time limits of 28 U.S.C. § 1446(b). *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1249 (9th Cir. 2006) ("A defendant has thirty days to remove a case on diversity or federal question grounds."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (holding that the statutory time limit for removal "is mandatory[.]"). While untimely removal is a procedural rather than jurisdictional defect, "a timely objection to a late petition will defeat removal[.]" *Id.*

### 2.     The Complaint

Plaintiffs first contend that their Complaint is removable on its face because it asserts a claim under the federal Magnuson–Moss Warranty Act. ECF No. 8 at 11–12.

"The [MMWA] provides a [federal] cause of action for express and implied warranty claims under state law." *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032 (9th Cir. 2020); *see Anda v. Gen. Motors LLC*, No. 2:25-CV-07354-MCS-SSC, 2025 WL 2938454, at *2 (C.D. Cal. Oct. 15, 2025) ("[A]n MMWA claim based on breach of a written or implied warranty is effectively a federal cause of action for express and implied warranty claims under state law.") (internal quotation marks omitted); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010). It permits "'a consumer who is damaged by the failure of a supplier [or] warrantor . . . to comply with any obligation under this [title 15 U.S.C. §§ 2301 *et seq.*], or under a written warranty [or] implied warranty' to sue in United States district court provided that 'the amount in controversy is [not] less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.'" *Kelly v. Fleetwood Enters.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (quoting 15 U.S.C. § 2310(d)).

Although the MMWA is a federal statute, it does not confer federal jurisdiction in every case. Instead, the statute precludes federal jurisdiction "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310 (d)(3); *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."); *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 757 (6th Cir. 2008) ("The MMWA is a somewhat unique federal statute in that merely alleging a violation of the act is insufficient to confer federal question jurisdiction; a separate $50,000 amount in controversy requirement must also be satisfied.").

Accordingly, to trigger the first thirty-day removal period, it must have been apparent from the face of the Complaint that Plaintiffs' MMWA claim satisfied the $50,000 amount-in-controversy requirement.

Here, Plaintiffs concede their Complaint "does not allege a specific dollar amount in controversy." ECF No. 8 at 13. Nevertheless, Plaintiffs argue Defendant *could* have ascertained that the amount in controversy in this case exceeded $50,000 based on: (1) the Complaint's allegations that Plaintiffs had purchased a new 2018 GMC Yukon; and (2) Plaintiffs' request for restitution, consequential and incidental damages, civil penalties, and attorneys' fees. ECF No. 8 at 13. In support, Plaintiffs cite the Supreme Court's *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) decision for the proposition that Defendant was only required to make a plausible allegation that the amount in controversy requirement had been met in its notice of removal. *Id.* at 13–14.

The Supreme Court's decision in *Dart*, however, was directed at the sufficiency of a defendant's allegations in a notice of removal, not to when the thirty-day deadline under § 1446 is triggered. Specifically, in *Dart*, the Supreme Court held that where a defendant removes a class action to federal court based on the Class Action Fairness Act, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. But "whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin." *See Kuxhausen*, 707 F.3d at 1141 n.3; *see Diaz v. Gen. Motors LLC*, No. 2:25-CV-08673-MEMF-PVC, 2025 WL 3496771, at *4 (C.D. Cal. Dec. 5, 2025) ("The issue here is not whether Defendant *could* have removed, but rather whether Defendant [was] *obligated* to remove within thirty days of service. *Dart* does not address this question at all[.]") (emphasis in original); *Parra v. Gen. Motors LLC*, No. 2:25-CV-07316-SPG-JC, 2025 WL 3201870, at *2 (C.D. Cal. Nov. 14, 2025) ("*Dart* set out the standard for a

25-cv-2556-RSH-VET

defendant's notice of removal, not the standard to trigger either of the thirty-day deadlines in § 1446(b).").

In this case, "[t]he fact that Defendant *could* have made a further inquiry to estimate the subject vehicle's purchase price is insufficient to trigger the [first] thirty-day clock." *Moran v. Ford Motor Co.*, No. 23CV845 JM (BLM), 2023 WL 4532755, at *2 (S.D. Cal. July 13, 2023). Instead, the timeliness of removal "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This "objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.* at 697.

As the Ninth Circuit held in *Roth v. CHA Hollywood Med. Ctr., L.P.*:

> [A] defendant does not have a duty of inquiry if the initial pleading or other document is "indeterminate" with respect to removability. Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.

720 F.3d 1121, 1125 (9th Cir. 2013); *see Kuxhausen*, 707 F.3d at 1141 ("[W]e don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove. This principle helps avoid a 'Catch—22' for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings.") (internal quotation marks and citation removed).

Similarly, here, while Defendant *could* have made a further inquiry as to whether the amount in controversy in this case exceeded $50,000, Defendant was "under no obligation to do so where [Plaintiffs'] complaint was indeterminate." *Tirado-Lizarraga v. Ford Motor Co.*, No. 23-CV-01411-RS, 2023 WL 3868377, at *1 (N.D. Cal. June 6,

6

2023) (holding the thirty-day removal period was not triggered by mere allegation plaintiff purchased a 2018 Ford F-150 pickup truck); *see also Diaz*, 2025 WL 3496771, at *3 (thirty-day period not triggered by allegation plaintiff purchased a 2021 GMC Sierra 1500); *Parra*, 2025 WL 3201870, at *3 ("[A]bsent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline.").

### 3.    *Notice by Pre-Litigation Documents*

Plaintiffs next contend Defendant was required to file its notice of removal within thirty days after being served with the Complaint because Plaintiffs provided Defendant with documents identifying the Subject Vehicle's purchase price and repair history during pre-litigation settlement discussions. ECF Nos. 8 at 7; 15 at 6–7.

Plaintiffs' argument is foreclosed by the Ninth Circuit's decision in *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010). In *Carvalho*, plaintiff contended her settlement demand sent months before she filed her complaint put defendant on notice as to the amount in controversy. 629 F.3d at 885. The Court of Appeals rejected this argument, holding this pre-litigation letter did not trigger a thirty-day removal period under § 1446:

> It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical. Moreover, that the second paragraph lists "an amended pleading, motion, order"—all documents which logically cannot predate the initial pleading—before "or other paper" leads us to conclude that "other paper" does not include any document received prior to receipt of the initial pleading. Accordingly, we conclude that *any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.*

*Id.* at 885–86 (internal citation omitted) (emphasis added). Nor can "a pre-complaint

25-cv-2556-RSH-VET

document containing a jurisdictional clue [] operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Id.* at 886; *see Mora v. Gen. Motors, LLC*, No. CV 25-8700-JFW(PVCX), 2025 WL 3124075, at *3 (C.D. Cal. Nov. 6, 2025) ("[P]re-litigation documents are irrelevant to the deadlines to remove under 28 U.S.C. § 1446(b)."); *Lopez v. Ford Motor Co.*, No. 5:25-CV-01742-JLS-DTB, 2025 WL 3022849, at *2 (C.D. Cal. Oct. 28, 2025) (rejecting argument that removal clock started triggered defendant was served with complaint because defendant received pre-litigation demand letter containing sales contract, service records, and registration). Accordingly, under *Carvalho*, Defendant's receipt of pre-litigation materials—when combined with an indeterminate complaint—cannot trigger the first or second thirty-day removal periods.

For the above reasons, the Court concludes Defendant's removal was timely. Defendant was not—upon service of Complaint here—required to file its notice of removal within thirty days.

### B.    Amount in Controversy

Plaintiffs additionally contend Defendant has not met its burden of establishing the amount in controversy in this case exceeds $50,000. ECF No. 8 at 15–17. Notably, Plaintiffs' argument that this case is not removable at all is at odds with Plaintiffs' separate argument, in the same motion, that the Complaint is removable on its face. In response, Defendant submits that the amount in controversy in this case comprises: (1) $42,549.94 in actual damages; (2) $85,099.88 in civil penalties; and (3) at least $15,000 in attorneys' fees and therefore exceeds the $50,000 amount-in-controversy threshold under the MMWA and $75,000 threshold for diversity jurisdiction. ECF No. 14 at 27–29.[1]

///

---

[1]    There is no dispute between the Parties that the diversity of citizenship requirement is met for diversity jurisdiction. ECF No. 8 at 8.

25-cv-2556-RSH-VET

### 1. Remedial Scheme

The MMWA "does not include a remedial scheme." *Hastings v. Ford Motor Co.*, No. 19-CV-2217-BAS-MDD, 2021 WL 1238870, at *2 (S.D. Cal. Apr. 2, 2021). "Instead, for claims raised under the MMWA, courts look to 'applicable state law' to determine damages." *Id.*; *see Urie v. Lucid Grp. USA, Inc.*, No. 3:25-CV-0837-BTM-AHG, 2025 WL 2080805, at *2 (S.D. Cal. July 24, 2025) ("Because the MMWA is silent on the question of remedies, courts 'turn[] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy.'") (quoting *Tadevosyan v. Kia Am., Inc.*, No. CV 24-11232-DMG (JCX), 2025 WL 1425545, at *1 (C.D. Cal. May 16, 2025)). The Court therefore applies the same analysis as under California's Song-Beverly Act to establish the amount in controversy for Plaintiffs' MMWA claim. *See Lewis v. Gen. Motors LLC*, No. 2:25-CV-07484-SVW-MAR, 2026 WL 40899, at *2 (C.D. Cal. Jan. 5, 2026).

### 2. Actual Damages

Under California's Song-Beverly Act, actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code §§ 1793.2(d)(1). "This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer." *Diaz v. Gen. Motors LLC*, No. EDCV 25-02208-KK-MBKX, 2025 WL 3034060, at *4 (C.D. Cal. Oct. 30, 2025) (citing Cal. Civ. Code § 1793.2(d)(2)(C)). "In addition, amendments to the [Song-Beverly Act] that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs." *Clay v. Gen. Motors, LLC*, No. 2:25-CV-07962-AH-(MARX), 2025 WL 3632732, at *2 (C.D. Cal. Dec. 15, 2025).

///

Here, Defendant contends the actual damages at issue in this case total $42,549.94. ECF No. 14 at 27. Specifically, Defendant calculates the amount of actual damages available to Plaintiffs by subtracting an estimated mileage offset of $14,154.30 and $4,178.00 in offsets for optional third-party contracts from the $60,882.24 sales price of the Subject Vehicle. *Id.*

Plaintiffs argue that Defendant does not submit evidence supporting this calculation. ECF Nos. 8 at 16; 15 at 7–8. The Court disagrees. As evidence, Defendant submitted: (1) an agreement showing the Subject Vehicle was purchased for $60,882.24 with 6,313 miles on the odometer; (2) a repair history from which Defendant contends the Subject Vehicle was likely first presented for repair with the alleged defect in March 19, 2021 with 44,062 miles on the odometer; and (3) a loan payoff letter showing Plaintiffs paid off the Subject Vehicle on December 17, 2024. ECF Nos. 14-1 at ¶¶ 2–4; 14-2 at 2; 14-3 at 2; 14-4 at 2. Plaintiffs do not address this evidence or explain why it is insufficient.

In the absence of any meaningful rebuttal, the Court concludes Defendant has met its burden, by a preponderance of the evidence, of substantiating its calculation of actual damages. *See Brindas-Puga v. Gen. Motors, LLC*, No. CV-25-08425-AGR, 2025 WL 3072628, at *2 (C.D. Cal. Nov. 3, 2025) (holding defendant had reasonably calculated actual damages based on lease contract, repair history, and payment history); *Larch-Miller v. Gen. Motors, LLC*, No. CV 25-8460-JFW(BFMX), 2025 WL 3043354, at *3 (C.D. Cal. Oct. 30, 2025) (holding defendant had reasonably calculated actual damages based on sales contract, repair history, and payment history); *Sosa v. Nissan N. Am., Inc.*, No. 8:25-CV-01185-JVS-RAO, 2025 WL 2938075, at *2 (C.D. Cal. Oct. 16, 2025) (holding defendant had reasonably calculated actual damages based on sales contract and repair history).

### 3.    *Civil Penalties*

The Song-Beverly Act provides for civil penalties up to two times the amount of damages if a defendant's failure to comply with the Act was willful. *See* Cal. Civ. Code §

25-cv-2556-RSH-VET

1794(c). Here, Defendants contend that the maximum civil penalties available under the Song-Beverly Act should be considered in determining the amount in controversy. ECF No. 14 at 28. In response, Plaintiffs contend Defendant has not met its burden of establishing, by a preponderance of evidence, "the willfulness that might support such an award" of civil penalties. ECF No. 15 at 11.

"Courts in this District and throughout the Ninth Circuit disagree as to whether the Song-Beverly Act's civil penalties should be included in the calculation of the amount in controversy." *Stars Bay Area, Inc. Ramos v. McLaren Auto., Inc.*, No. 24-CV-324 TWR (SBC), 2024 WL 3635561, at *5 (S.D. Cal. June 12, 2024) (collecting cases). Nevertheless, "[t]he majority of courts in recent years have included the maximum penalties in determining the amount in controversy." *Id.* (collecting cases).

In this case, the Court concludes it is appropriate to include the maximum civil penalty that Plaintiffs could be awarded in calculating the amount in controversy. Plaintiffs' Complaint specifically alleges that Defendant's actions were "willful" and requests a "civil penalty in the amount of two times Plaintiffs' actual damages[.]" ECF No. 1-2 ¶¶ 24, 28, at 14. To the extent Plaintiffs contend Defendant must affirmatively offer evidence of willfulness, "[i]t would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act." *Urie*, 2025 WL 2080805, at *3 (quoting *Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKX), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020)); *Modiano v. BMW of N. Am. LLC*, No. 21-CV-00040-DMS-MDD, 2021 WL 973566, at *4 (S.D. Cal. Mar. 16, 2021) ("The Court declines to require defendants to justify civil penalties by arguing their own conduct was willful."); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) ("[T]his Court sides with the majority of courts and more recent cases, which find civil penalties appropriate for inclusion in the calculation of the amount in controversy without the defendant needing to 'prove a case against itself' with respect to liability for civil penalties.").

///

As outlined above, Defendant calculates the actual damages to be $42,549.94. When combined with the maximum potential civil penalties of $85,099.88, the total amount in controversy—exclusive of attorneys' fees—is $127,649.80. This exceeds the $75,000 amount-in-controversy threshold for diversity cases and $50,000 threshold for MMWA cases. For these reasons, the Court concludes that Defendant has met its burden to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.[2]

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand.

**IT IS SO ORDERED.**

Dated: January 21, 2026

_Robert S Huie_
_____
Hon. Robert S. Huie
United States District Judge

---

[2] Defendant also contends that the amount-in-controversy includes at least $15,000 in attorneys' fees. ECF No. 14 at 28–29. Plaintiffs contend Defendant has not met its evidentiary burden to establish attorneys' fees in this case. ECF No. 15 at 13–15. As the amount in controversy exceeds the jurisdictional thresholds for both diversity jurisdiction and jurisdiction under the MMWA even without including attorneys' fees, the Court does not reach this issue.